IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FAUSTINO YACOBO and LENARD FRIADON KHAMO,**<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>**DEBORAH ACHIM and JAMES K. BOND,**<br><br>　　　　　Defendants. | Case No. 06 C 2432<br><br>Hon. Harry D. Leinenweber |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I. <u>INTRODUCTION</u>

Petitioners Faustino Yacobo and Lenard Fraidon Khamo (hereinafter, "Petitioners") filed a Petition for a Writ of Habeas Corpus, asserting that their continued confinement by the U.S. Immigrations and Customs Enforcement (hereinafter, "ICE") violates their right to due process. For the following reasons, the petition is **dismissed.**

### II. <u>BACKGROUND</u>

The Petitioners were both admitted to the United States as refugees from their respective countries of origin. After the Petitioners were convicted of crimes, the Department of Homeland Security ("DHS") separately charged each Petitioner with removal under 8 U.S.C. § 1227(a)(2). In removal proceedings, DHS identified each Petitioner's native country as the sole country for removal. However, the government may not remove aliens to

countries where their "life or freedom would be threatened." 8 U.S.C. § 1231(b)(3)(A). Thus, though the Petitioners were each ordered removed to their native countries, both Petitioners were granted a Withholding of Removal.

After a removal order by an Immigration Judge, the U.S. Government has the authority to detain aliens pending their removal. 8 U.S.C. § 1231(a). The ninety-day period following entry of the order of removal is termed the "removal period". Under the statute, the Government must remove the aliens within this ninety-day period. 8 U.S.C. § 1231(a)(1)(A). Where, as here, the aliens are removable on account of criminal action, the statute requires the Government to detain the aliens for the entire removal period. *See* 8 U.S.C. § 1231(a)(2). However, when an alien's removal order only identifies a single country and the alien is granted Withholding of Removal with respect to that country, the alien is cast into legal limbo: they can neither be removed from the United States nor released within its jurisdiction. This is just the situation in which the Petitioners fin themselves. As such, they filed the instant petition on May 2, 2006, to challenge their confinement, naming as Respondents Deborah Achim, the Chicago Field Office Director for ICE, and James K. Bond, the supervisor of the Broadview Service Staging Area (the "BSSA")(collectively, "Respondents"), a processing facility owned and operated by ICE and DHS. Respondents seek to dismiss the petition based on a number of procedural arguments, namely that (1) the Petitioners have not

named proper respondents, (2) the Petitioners lack standing, and (3) the Petitioners' subsequent release from custody compels the conclusion that their claim is moot. Since this Court finds the first argument persuasive, it is unnecessary to address the Respondents' other contentions.

### III. <u>DISCUSSION</u>

#### A. The Immediate Custodian Rule

The federal habeas corpus statute unambiguously prescribes "that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)(citing 28 U.S.C. §§ 2242-2243). Thus, well-settled practice dictates that the custodian is defined as "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id*. at 435. As the Seventh Circuit recognized, this is because the writ of habeas corpus acts not upon the petitioner, but upon the person who confines him in allegedly unlawful custody. *Robledo-Gonzalez v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973)). Courts should therefore be cautious not to "conflate the person responsible for authorizing custody with the person responsible for maintaining custody." *al-Marri v. Rumsfeld*, 360 F.3d 707, 711 (7th Cir. 2004). Given this background, this Court considers the Respondents in turn.

### B. Respondent James K. Bond

Respondent Bond is not the immediate custodian for either of the Petitioners because he does not exercise day-to-day control over them. *Robledo-Gonzalez*, 342 F.3d at 673. Bond is a supervisor at the BSSA, a facility that is only open during daylight hours. Petitioners concede that they have not ever stayed at the BSSA overnight. Though the proper standard for challenges of present physical confinement requires day-to-day control rather than an overnight stay, the two are closely linked: overnight detention implies control on a daily basis. Since Petitioners never allege that they were brought from their respective overnight detention centers to the BSSA on a daily basis, there is nothing in the record to support the notion that Respondent Bond exercised day-to-day control over the Petitioners.

Petitioners contend that, at the moment the petition was filed, they were physically located at the BSSA, thus dictating that Bond is the proper respondent. This argument, however, overlooks the letter of the immediate custodian rule, which mandates that the correct respondent "is the person having day-to-day control over the prisoner." *Robledo-Gonzalez*, 342 F.3d at 673. The proper respondent must not merely exercise control over the Petitioners *at the moment of filing*; rather, the proper respondent must exercise *day-to-day control* over the Petitioners at the time of filing. Since Respondent Bond lacked the daily physical control

to bring the Petitioners before this Court, he is not a proper respondent.

### C. Respondent Deborah Achim

Similarly, Respondent Achim never exercised the requisite control over the Petitioners. The petition plainly states that Respondent Achim "is the legal custodian of the [p]etitioners." Petit. ¶ 12. In habeas cases challenging present physical confinement, however, the proper respondent exercises immediate physical (rather than legal) control over the Petitioners. *See al-Marri,* 360 F.3d at 711-712. This is because legal custody (or control) is irrelevant where "there is [an] immediate physical custodian with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 439. The *Padilla* Court thus affirmed *al-Marri* in concluding that in habeas challenges to present physical confinement, "the proper respondent is the person responsible for maintaining – not authorizing – the custody of the prisoner." *Id*. at 440 n. 13.

In the instant case, legal custody is irrelevant because an immediate physical custodian exists in the form of a warden (or equivalent official) at the facility where the Petitioners were held on a daily basis. *See Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). Thus, Petitioners fell prey to a common mistake – conflating the responsibilities of those who maintain and those who authorize custody. *See id*. at 951. While Respondent Achim had

the legal authority to order the Petitioners to court (or even to order their release), there is nothing in the record to indicate that she exercised day-to-day physical control over them. Thus, she is not a proper respondent.

Petitioners contend that the holding of *Kholyavskiy* does not preclude Deborah Achim, the Chicago Field Office Director for ICE, from being a proper respondent in cases involving immigration detainees. Petitioners attempt to distinguish that case because Petitioners were detained at the BSSA at the moment of filing. This argument illuminates a distinction without a difference. As *Kholyavskiy* noted, the Homeland Security Act of 2002 transferred the responsibilities of the Immigration and Naturalization Service (the "INS") "district directors" to Immigration and Customs Enforcement "Field Office Directors." *Id*. at 948 n. 1. While the job title changed, the function remains the same. *Id* (citing 8 C.F.R. § 1.1(o) (2005)). Due to the novelty of the term "Field Office Director," however, the *Kholyavskiy* court still used the term "district director" when it characterized the Seventh Circuit's *al-Marri* opinion as "critical of cases that allowed habeas Petitioners to name an INS district director." *Id.* at 951. The *Kholyavskiy* court reasoned that such decisions make the mistake of conflating the responsibilities of maintaining and authorizing custody. *Id*. As such, Seventh Circuit habeas corpus jurisprudence with respect to immigration detainees holds that ICE Field Office

Directors are improper respondents for habeas petitions. *See Karajic v. Achim*, 2006 U.S. Dist. LEXIS 42677 (E.D. Wis. 2006) (following the *Kholyavskiy* court and holding Achim as an improper respondent); *see also* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 42.2 n. 24 (5th Ed. 2005 & Supp. 2006). Indeed, the Seventh Circuit considered INS officials (and now ICE Field Office Directors) as the equivalent of "some other remote supervisory official." *Padilla*, 542 U.S. at 435. Since ICE Field Office Directors do not suffice as immediate custodians in Seventh Circuit habeas jurisprudence, naming Achim as a respondent was improper.

Since Respondents Bond and Achim are improper for purposes of this petition, Petitioners failed to name a proper custodian. As such, this Court lacks jurisdiction over the habeas petition. *See Ali v. Ridge*, 2003 U.S. Dist. LEXIS 20582, *7 (N.D. Ill. 2003).

### IV. CONCLUSION

For the reasons stated herein, Petitioners' Faustino Yacobo and Lenard Fraidon Khamo Petition for a Writ of Habeas Corpus is **dismissed.**

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 27, 2007